# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 18, 2026

Lyle W. Cayce
Clerk

No. 25-50457
Summary Calendar

———————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Francisco Geovany Menocal-Lobo,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:24-CR-2623-1

———————————————————

Before Stewart, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Francisco Geovany Menocal-Lobo appeals following his conviction for illegal reentry into the United States in violation of 8 U.S.C. § 1326(a) and (b)(2). Menocal-Lobo contends that the statutory sentencing enhancement in § 1326(b) is unconstitutional. He concedes that his argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), and seeks to

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-50457

preserve it for possible Supreme Court review. The Government has filed a motion for summary affirmance or, alternatively, a motion for an extension of time to file a merits brief. Menocal-Lobo does not take a position on the Government's summary affirmance motion.

As Menocal-Lobo concedes, the sole argument that he raises on appeal is foreclosed. *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019); *see also Erlinger v. United States*, 602 U.S. 821, 838 (2024) (stating that *Almendarez-Torres* "persists as a narrow exception permitting judges to find only the fact of a prior conviction" (internal quotation marks and citation omitted)). Therefore, summary affirmance is appropriate. *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Accordingly, the Government's motion for summary affirmance is GRANTED, the alternative motion for an extension of time is DENIED, and the judgment of the district court is AFFIRMED.